IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JATINDER SINGH, Individually and on**                                   **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                   No. 4:18-cv-*179-JLH*

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 08 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**RAJBEER KAUR, BALJINDER SINGH**
**AND LAKHWINDER SINGH, Individually**
**and jointly d/b/a NLR CORNER STORE;**
**UNITED STAR, LLC d/b/a ECONOMY LIQUOR;**
**BOPP LIQUOR ON 9TH STREET, LLC;**
**VEER AND TAJ, LLC d/b/a ACME LIQUOR;**
**2017 AAP DA BOPP, LLC d/b/a BOPP'S LIQUOR;**
**and AAM AADMI LLC d/b/a SKY ROAD GAS**

**DEFENDANTS**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Jatinder Singh ("Plaintiff"), individually and on behalf of all

others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of

Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action

against Defendants Rajbeer Kaur, Baljinder Singh and Lakhwinder Sing, Individually

and jointly d/b/a Economy Liquor; Bopp Liquor on 9th Street, LLC; Veer and Taj, LLC,

d/b/a ACME Liquor; 2017 AAP Da Bopp, LLC, d/b/a Bopp's Liquor; and AAM AADMI

LLC, d/b/a Sky Road Gas (collectively "Defendants"), and he does hereby state and

allege as follows:

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Ray_

## I.  PRELIMINARY STATEMENTS

1.      This is a hybrid class and collective action brought by Plaintiff Jatinder Singh, individually and on behalf of other hourly-paid Convenience Store Employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff and other hourly-paid Convenience Store Employees a minimum wage for all hours worked and proper overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendants do business in this district and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to the minimum wage and overtime violations alleged in this Complaint reside in this District.

10.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III.    THE PARTIES

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff Jatinder Singh ("Plaintiff") is a citizen and resident of Pulaski County.

13.     Plaintiff worked for Defendants as a Convenience Store Employee from around January of 2017 until February of 2018.

14.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15.     Defendant Rajbeer Kaur ("Kaur") is a citizen and resident of Pulaski County.

16.     Defendant Baljinder Singh ("B. Singh") is a citizen and resident of Pulaski County.

17.     Lakhwinder Singh ("L. Singh") is a citizen and resident of Pulaski County.

18.     Upon information and belief, Kaur, B. Singh and L. Singh jointly owned and operated NLR Corner Store, a convenience store located at 1802 Pike Avenue, North Little Rock, Arkansas 72117.

19.     NLR Corner Store was formerly incorporated as AKAL LLC, with Kaur listed as the registered agent, but has since dissolved such incorporation.

20.     During each of the three years preceding the filing of this Complaint, Defendants Kaur, B. Singh and L. Singh, jointly d/b/a NLR Corner Store, employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

21.     Defendants Kaur, B. Singh and L. Singh jointly d/b/a NLR Corner Store were at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed classes, and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

22.     In addition to and as a part of a unified operation, Defendants Kaur, B. Singh and L. Singh owned and operated numerous other liquor and convenience stores, also named as Defendants in this Complaint and detailed herein.

23.     Plaintiff occasionally filled in at these other liquor and convenience stores, particularly by delivering and picking up merchandise from other stores, as employees

worked between locations as part of the unified operation operated by Defendants Kaur, B. Singh and L. Singh.

24.     These convenience stores are Defendants United Star, LLC, d/b/a Economy Liquor; Bopp Liquor on 9th Street, LLC; Veer and Taj, LLC, d/b/a ACME Liquor; 2017 AAP DA BOPP, LLC, d/b/a Bopp's Liquor; AAM AADMI LLC, d/b/a Sky Road Gas; and Sapphire Gold, LLC.

25.     Defendant United Star, LLC, d/b/a Economy Liquor ("Economy Liquor"), is a for-profit, domestic limited liability company, providing liquor and other retail products for purchase.

26.     Defendant Economy Liquor's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

27.     During each of the three years preceding the filing of this Complaint, Defendant Economy Liquor employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

28.     Defendant Economy Liquor's principal address is 9612 Rodney Parham Road, Little Rock, Arkansas 72227.

29.     Defendant Economy Liquor's registered agent for service of process is Rajbeer Kaur, 1724 Hidden Creek Drive, Sherwood, Arkansas 72120.

30.    Within the past three (3) years preceding the filing of this Complaint, Defendant Economy Liquor continuously employed at least four employees, including Plaintiff.

31.    Defendant Veer and Taj LLC, d/b/a ACME Liquor ("ACME Liquor"), is a for-profit, domestic limited liability company, providing liquor and other retail products for purchase.

32.    Defendant ACME Liquor's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

33.    During each of the three years preceding the filing of this Complaint, Defendant ACME Liquor employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

34.    Defendant ACME Liquor's principal place of business is 4314 Dollarway Road, Pine Bluff, Arkansas 71602.

35.    Defendant ACME Liquor's registered agent for service of process is Lakhwinder Singh, 8208 Brighton Drive, North Little Rock, Arkansas 72116.

36.    Defendants Bopp Liquor on 9th Street, LLC,  and 2017 AAP DA BOPP, LLC, together d/b/a Bopp's Liquor (collectively, "Defendant Bopp Liquor"), are domestic limited liability companies, providing liquor and other retail products for purchase.

37.     Defendant Bopp Liquor's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

38.     During each of the three years preceding the filing of this Complaint, Bopp Liquor employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

39.     Defendant Bopp Liquor's principal place of business is 1021 East Ninth Street Little Rock, Arkansas 72202.

40.     The registered agent for service of process for both Bopp Liquor on 9th Street, LLC, and 2017 AAP DA BOPP, LLC, is Baljinder Singh, 8208 Brighton Avenue, North Little Rock, Arkansas 72116.

41.     Defendant AAM AADMI LLC, d/b/a Sky Road Gas ("Sky Road Gas") is a for-profit domestic limited liability company, providing gas and other retail products for purchase.

42.     Sky Road Gas's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

43.     During each of the three years preceding the filing of this Complaint, Sky Road Gas employed at least two individuals who were engaged in interstate commerce

or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

44.     Defendants, including the above-listed entities and the individual Defendants d/b/a NLR Corner Store, acted jointly as the employer of Plaintiff and the proposed collective and class and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

45.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

46.     Upon information and belief, revenue from the individual convenience and liquor stores was merged and managed in a unified manner.

47.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

### IV.     FACTUAL ALLEGATIONS

48.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

49.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a Convenience Store Employee.

50.     Defendants directly hired Plaintiff and other Convenience Store Employees, controlled their work schedules, duties, protocols, applications,

assignments and employment conditions, and kept at least some records regarding their employment.

51.    Plaintiff and other Convenience Store Employees stocked shelves with retail products, cleaned locations, and sold retail products to Defendants' customers.

52.    Plaintiff and other Convenience Store Employees were classified as hourly employees and were supposed to be paid an hourly rate.

53.    Plaintiff and other Convenience Store Workers regularly worked in excess of forty (40) hours per week.

54.    It was Defendants' commonly applied policy to not pay Plaintiff and other Convenience Store Employees a proper minimum wage for hours up to forty (40) in a given week or overtime rate for all of the hours worked over forty (40) in a given week.

55.    Defendants failed to pay Plaintiff any wages whatsoever, either at minimum wage or at a proper overtime rate, despite the fact that, for the duration of his employment, he worked more than forty (40) hours in a given week as a Convenience Store Employee for Defendants.

56.    Defendants refused to pay Plaintiff and other Convenience Store Employees for all hours worked, even though Defendants were aware of all hours worked.

57.    As a result, Defendants did not pay Plaintiff or other Convenience Store Employees a lawful minimum wage.

58.    Defendants also did not pay Plaintiff or other Convenience Store Employees one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

59.    Plaintiff and other Convenience Store Employees were and are entitled to both a minimum wage for all hours worked up to forty (40) in a given week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

60.    Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other Convenience Store Employees violated the FLSA and AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Collective

61.    Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

62.    Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.    Plaintiff brings his FLSA claims on behalf of all hourly Convenience Store Workers employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Proper payment for all hours worked, including payment of a lawful minimum wage for hours worked up to forty (40) in a workweek and a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.    Liquidated damages;

C.    and Attorneys' fees and costs.

64.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

65.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

66.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.     They were paid hourly or were supposed to be paid hourly;

C.     They performed substantially similar job duties; and

D.     They were subject to Defendants' common policy of denying pay for all hours worked, including overtime pay for hours worked over forty (40) per work week.

67.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifty (50) persons.

68.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

69.     Defendants can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone

numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.   **AMWA Rule 23 Class**

70.   Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

71.   Plaintiff proposes to represent the class of hourly Convenience Store Employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

72.   Common questions of law and fact relate to all members of the proposed class, such as whether Defendants paid the members of the proposed class for all hours worked, including minimum wage and overtime in accordance with the AMWA.

73.   Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

74.   The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from

wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

75.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

76.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

77.     Concentrating the litigation in this forum is highly desirable because Defendants are based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

78.     No difficulties are likely to be encountered in the management of this class action.

79.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

80.     Plaintiff and his counsel will fairly and adequately protect the interests of the class.

81.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

82.   Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.   FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

83.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

84.   29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

85.   Defendants failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in one week, despite his entitlement thereto.

86.   Defendants failed to pay Plaintiff one and one-half times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

87.   Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

88.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

89.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

90.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

91.     Plaintiff asserts this claim on behalf of all hourly Convenience Store Employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid minimum wages for all the hours worked up to forty (40) each week and unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

92.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

93.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

94.     Defendants failed to pay Plaintiff and those similarly situated a lawful minimum wage for all hours worked up to forty (40) in one week, despite their entitlement thereto.

95.    Defendants failed to pay Plaintiff and those similarly situated one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

96.    Because these employees are similarly situated to Plaintiff, and are owed a minimum wage and overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid Convenience Store Employees employed
by Defendants within the past three years.**

97.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

98.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

99.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

100.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

101.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

102.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

103.   Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

104.   Defendants failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in a given week as required under the AMWA, despite his entitlement thereto.

105.   Defendants failed to pay Plaintiff all overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite his entitlement thereto.

106.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

107.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

108.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA)

109.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

110.  Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

111.  At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

112.  Defendants failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in a given week as required under the AMWA, despite his entitlement thereto.

113.  Defendants failed to pay Plaintiff and members of the proposed class all overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite their entitlement thereto.

114.  Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

> **All hourly-paid Convenience Store Employees employed by Defendants in Arkansas within the past three years.**

115.  Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

116.  By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and

a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

117.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    EQUITABLE TOLLING

118.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

119.    The applicable statute of limitations for Plaintiff's FLSA and AMWA causes of action should be tolled because strict application of the statute of limitations would be inequitable.

120.    Defendants, as employers with a duty to comply with the FLSA and AMWA and the means to do so, were and have at all relevant times been in a far superior position than Plaintiff to understand the FLSA and AMWA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

121.    Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

122.    An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. *United States v. Sabhnani*, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); *Henchy v. City of Absecon*, 148 F.

Supp. 2d 435, 439 (D.N.J. 2001); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

123.    Defendants failed to post all appropriate notices regarding the FLSA and AMWA.

## XI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jatinder Singh, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer herein and for the following relief:

(a)    That Defendants be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

(b)    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act and attendant regulations;

(c)    A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act and the related regulations;

(d)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)    Judgment for damages for all unpaid regular and overtime compensation under the Fair Labor Standards Act and attendant regulations;

(f)    Judgment for damages for all unpaid regular and overtime compensation under the Arkansas Minimum Wage Act and the related regulations;

(g)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act and attendant regulations in an amount equal to all unpaid regular and overtime

compensation owed to Plaintiff and members of the class during the applicable statutory period;

(h)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act and the relating regulations;

(i)     An order directing Defendants to pay Plaintiff and members of the collective and class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(j)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JATINDER SINGH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com